IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-321-BO

JAMES COLEMAN, *on behalf of himself* )
*and all others similarly situated,* )
     Plaintiff, )
)
v. )   O R D E R
)
HUMANA, INC. )
     Defendant. )

  This cause comes before the Court on defendant's motion to dismiss or strike plaintiff's amended complaint. [DE 28]. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, plaintiff's amended complaint is dismissed.

## BACKGROUND

  Plaintiff instituted this action by filing a complaint against Humana, Inc. and Aspen Health, Inc. His claims arose out of Humana's and Aspen Health's alleged practice of making pre-recorded and other telemarketing calls to consumers without consent in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.* and the North Carolina General Statutes. Humana and Aspen Health moved to dismiss plaintiff's complaint. Thereafter, plaintiff filed an amended complaint against Humana alone and alleging only one of the six claims previously alleged.

  The amended complaint has been filed as a putative class action and alleges a single claim under the TCPA against Humana. Plaintiff alleges that he uses a personal cell phone and has registered his cell phone number on the National Do Not Call Registry. [DE 22 ¶¶ 47-49]. Plaintiff further alleges that Humana is an insurance company that provides, as is relevant here, Medicare

Advantage plans and Medicare Part D prescription drug plans. *Id.* ¶ 26. Medicare regulations require Part D sponsors like Humana to establish a medication therapy management (MTM) program, which includes comprehensive medication reviews (CMR) with licensed pharmacists. *Id.* ¶¶ 3, 27. Certain Part D beneficiaries are automatically enrolled in the MTM program due to the presence of eligibility criteria, but beneficiaries are permitted to decline MTM services. *Id.* ¶¶ 28.

Plaintiff lists dates on which he received calls from both Humana and Aspen Health and alleges that he "repeatedly advised the callers that he was not interested in the service and requested to be removed from the calling lists." *Id.* ¶¶ 50-51, 54. Plaintiff further alleges that he contacted Humana directly and requested to receive no further calls from Humana or its vendors. *Id.* ¶ 59. Plaintiff alleges that he never provided prior express consent for the phone calls and that he revoked any consent that may have existed. *Id.* ¶¶ 69-70.

Plaintiff alleges that "Humana placed, or had placed on its behalf, prerecorded telephone calls to Mr. Coleman's and TCPA 227(b) Class Members' telephone numbers without prior express consent." *Id.* ¶ 98. Plaintiff alleges that these calls were not placed for emergency purposes and that "defendants" have therefore violated 47 U.S.C. § 227(b). *Id.* ¶¶ 99, 100. Plaintiff seeks statutory damages as well as treble damages for himself and each class member. *Id.* ¶¶ 101, 102.

## DISCUSSION

At the outset, because plaintiff has filed an amended complaint, Humana's motion to dismiss the original complaint [DE 18] is denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

Humana has moved to dismiss plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*,

2

478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id.* When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

First, plaintiff has filed this case as a putative class action. However, at this stage and prior to any request for class certification, the Court considers only the allegations related to plaintiff Coleman to determine if a plausible claim for relief has been stated. *See McCants v. Nat'l. Collegiate Athletic Assn.*, 201 F. Supp. 3d 732, 740 (M.D.N.C. 2016) ("In considering the . . . motion to dismiss Plaintiffs' putative class action Complaint, the Court can only consider allegations related to the named plaintiffs. . . and not generalized allegations concerning unnamed plaintiffs or putative class members."); *see also Polsky v. United States*, 844 F.3d 170, 172 n.2 (3d Cir. 2016) (appropriate for court to rule on motion to dismiss prior to considering whether to certify class).

Plaintiff has clarified in his response to the motion to dismiss that he now alleges a single claim against Humana for the receipt of prerecorded voice messages (PVR) related to its MTM program after he allegedly revoked consent to receive such calls. *See, e.g.*, [DE 31 pp. 2-3, 7]. In

3

the amended complaint, plaintiff provides examples of several such messages he alleges he received, including:

> Hello. This is Humana calling [Consumer Name] with important benefit information. Please call us toll free at 1-866 348-8354. TTY users please dial 711. Please call us back at 1-866-348-8354. If you return our call from a different phone number than where we left this message, for security purposes you will be asked to enter that phone number. Thank you. Goodbye.

and

> This is Humana Pharmacy Clinical Programs calling to let you know that it is time for your annual medication review. To complete your review or to schedule one at your convenience please call 1-855-576-4042. We are available to take your call Monday through Friday from 8am-7pm eastern time. Again our number is 1-855-576-4042. Thank you and have a great day.

[DE 22 pp. 7-8].

The TCPA generally prohibits the use of prerecorded or artificial voice calls to a cell phone without the prior express consent of the party receiving the call. 47 U.S.C. § 227(b)(1)(A)(iii). As is relevant here, prior express consent to receive a health care call such as the calls initiated by Humana is given where the party provides his or her phone number to the healthcare business. 47 C.F.R. § 64.1200(a)(2); *Derossett v. Jonathan C. Patrowicz, D.O., P.A.*, CV DKC 21-1294, 2022 WL 4448859, at *5 (D. Md. Sept. 23, 2022).

Thus, though plaintiff alleges that he did not give express consent to receive calls from Humana, as plaintiff argued in his opposition to the instant motion, he seeks to hold Humana liable for continuing to call him after he had revoked his consent by asking not to be called. [DE 31 p. 9]; [DE 22 ¶ 70]. MTM programs must include annual CMRs as well as quarterly targeted medication reviews. 42 C.F.R. § 423.153(d)(1)(vii). As plaintiff alleges, Humana beneficiaries may decline to receive MTM services at any time. [DE 22 ¶¶ 28-32]. The Centers for Medicare

4

and Medicaid Services (CMS) provides guidance to Part D sponsors regarding MTM programs. This guidance provides:

> Sponsors must enroll targeted beneficiaries using an opt-out method of enrollment only. Therefore, sponsors must auto-enroll the targeted beneficiaries each year when they meet the eligibility criteria, and they are considered enrolled unless he/she declines enrollment. The enrolled beneficiaries may refuse or decline individual services without having to disenroll from the MTM program. Please note: In very rare occurrences, a beneficiary may request to be permanently opted out of the MTM program in both the current and future years. Please reference Chapter 7 of the Prescription Drug Benefit Manual that states "Should an enrollee desire to permanently opt-out of the plan's MTM program, the plan *should* honor the request and not re-target the beneficiary in future contract years; however, if the enrollee actively seeks enrollment into the MTMP at a later time, perhaps due to a level of care change, the plan must allow the enrollee to participate as long as *he or she* meet the necessary MTMP requirements." In all cases, CMS expects sponsors to maintain documentation of beneficiary requests to opt-out of the MTM program.

CY 2020 Medication Therapy Management Program Guidance and Submission Instructions (CMS Guidance), p. 4 (https://www.cms.gov/Medicare/Prescription-Drug-Coverage/PrescriptionDrugCovContra/Downloads/Memo-Contract-Year-2020-Medication Therapy-Management- MTM-Program-Submission-v-041019-.pdf); [1] *see also* 42 C.F.R. § 423.153.

In other words, Medicare Part D sponsors like Humana must automatically enroll certain participants in their MTM programs, and those MTM programs must provide both quarterly and annual medication reviews. While a participant may opt-out of a part of the MTM program, declining a particular service does not remove them from the MTM program. A participant may also elect to permanently opt-out of the MTM program in the current and future years, but that

---

[1] The Court may consider this document without converting the motion to one for summary judgment as it is expressly relied upon in plaintiff's complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

participant may subsequently elect to re-enroll in the MTM program if he or she meets the eligibility criteria.

Plaintiff specifically alleges that he received automated calls from Humana multiple times between January 31, 2022, and May 24, 2022. He also alleges that he received calls from live pharmacists multiple times between February 11, 2022, through June 4, 2022. Plaintiff alleges that he repeatedly advised the callers that he was not interested and asked to be removed from the calling lists. He does not, however, provide any date on which he revoked consent to receive MTM calls.

This failure is critical because only calls made by Humana *after* plaintiff revoked consent are plausibly actionable. Without any alleged date of revocation, plaintiff has simply failed to nudge his claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570. Though plaintiff argues that his allegations are sufficient because he has alleged dates that he received calls, the telephone number he received calls from, and the content of the calls, none of this information provides the specificity necessary to plead that he revoked his consent. *See, e.g., Cataldi v. Ocwen Loan Servicing, LLC*, 17-11487, 2017 WL 5903440, at *2 (E.D. Mich. Nov. 30, 2017) ("Simply alleging that she asked Defendant to stop calling 'at some point' after [plaintiff] began receiving calls does not provide the necessary factual content"). Without any reference to when plaintiff allegedly revoked his consent, he has essentially alleged he revoked consent "at some point."

Nor has plaintiff sufficiently alleged whether he revoked consent for a particular portion of the MTM program, such as quarterly medication reviews, or whether he expressed a desire to be permanently removed from the MTM program. Although plaintiff alleges he asked to be removed from calling lists, such allegations are insufficiently vague in light of the requirements of

6

the MTM program. In sum, plaintiff's allegations are insufficient to state a TCPA claim because he has not alleged the period during which he received unconsented-to calls and whether he revoked consent for all calls related to the MTM program or merely a portion of calls.[2]

Because plaintiff has failed to plausibly allege a claim for relief under the TCPA, the Court need not consider the parties' arguments regarding the putative class.

## CONCLUSION

Accordingly, for the foregoing reasons, Humana's motion to dismiss the original complaint [DE 18] is DENIED AS MOOT. Humana's motion to dismiss the and/or strike the amended complaint [DE 28] is GRANTED. The amended complaint is hereby DISMISSED, and the clerk is directed to close the case.

SO ORDERED, this 15 day of May 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has further clarified that any alternative claim for vicarious liability has been pleaded only insofar as Humana used a vendor or service to place the PVR calls that purportedly come from Humana. [DE 31 at 2-3]. Any alternative claim for vicarious liability is appropriately dismissed for the same reason plaintiff's claim against Humana is dismissed.

7